IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WILLIAM ANTONIO AVERY, #L6355                                    PLAINTIFF

V.                                                    CAUSE NO. 4:11cv94-DPJ-FKB

CHARLES W. WRIGHT, JR.                                           DEFENDANT

<u>ORDER</u>

BEFORE THE COURT are *pro se* Plaintiff William Antonio Avery's Complaint [1]  and

Responses [13, 14].  He brings this action against his criminal-defense lawyer for conduct

arising out of the representation.  The Court has considered and liberally construed the pleadings

and finds the case should be dismissed.

I.        FACTS AND PROCEDURAL HISTORY

In 2006, Avery was indicted in Lauderdale County, Mississippi, for the sale of cocaine

within 1,500 feet of a church.  Beginning in January 2007, he was represented by attorney

Defendant Charles W. Wright, Jr.  Avery entered an *Alford* plea to the charge on June 8, 2009.

The Lauderdale County Circuit Court sentenced him to 30 years in the custody of the Mississippi

Department of Corrections ("MDOC"), with six days to serve, 29 years and 359 days suspended,

followed by five years of post-release supervision and then five years of non-reporting post-

release supervision.  Avery's probation was later revoked, and he remains incarcerated with the

MDOC.

On July 8, 2011, the Lauderdale County Circuit Court denied Avery's motion for post-

conviction relief.  On July 25, 2011, he appealed this denial to the Mississippi Court of Appeals,

in *Avery v. State of Mississippi*, cause number 2011-CP-1078-COA.  His brief was filed on October 13, 2011, and the appeal is still pending.

Avery filed the instant lawsuit in May 2011, alleging that Wright's assistance was ineffective and that he conspired with the District Attorney to waive Avery's speedy trial rights without permission.

II.      DISCUSSION

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court.  The Act states, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  In an action proceeding under § 1915, "[a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed or raised."  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Id.*

The Court has permitted Avery to proceed *in forma pauperis* in this action.  As discussed below, his Complaint is subject to *sua sponte* dismissal under § 1915.

2

A.      Section 1983

First, Avery brings claims under 42 U.S.C. § 1983 (2006) for ineffective assistance of counsel and conspiracy.  More specifically, Avery claims that Wright waived his right to a speedy trial without Avery's permission.  A § 1983 claim that challenges the fact or duration of a state sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Where success on the § 1983 claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed.  *Wilkinson*, 544 U.S. at 82.

Success on either of Avery's § 1983 claims will necessarily invalidate his State-court conviction and sentence.  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (damages based on ineffective assistance of counsel); *see also Krause v. Leonard*, 352 F. App'x 933, 935 (5th Cir. 2009) (speedy trial).  In fact, Avery's pending appeal of his motion for post-conviction relief in State court raises these same arguments.

Because the conviction has not yet been invalidated, Avery is precluded by *Heck* from challenging it in this § 1983 civil action at this time.  Avery's § 1983 claims are dismissed with prejudice for failure to state a claim until such time as Avery's State-court conviction is invalidated via appeal, post-conviction relief, habeas, or otherwise.  *Johnson*, 101 F.3d at 424.

This dismissal counts as a strike under 28 U.S.C. § 1915(g).  *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

      B.     State-Law Claims

      Avery also brings State-law claims for conversion and malpractice against Wright. Because both parties are Mississippi residents, there is no diversity jurisdiction, and Avery must therefore invoke the Court's supplemental jurisdiction.  28 U.S.C. § 1367(a).  The Court may decline to exercise this jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Given the infancy of this dispute, the Court sees no basis for exercising supplemental jurisdiction.  Avery's State-law claims are dismissed without prejudice.

      **IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, *pro se* Plaintiff William Antonio Avery's § 1983 claims are hereby **DISMISSED WITH PREJUDICE** for failure to state a claim until such time as the State-court conviction is invalidated.  This dismissal counts as a strike under 28 U.S.C. § 1915(g).

      **IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's State-law claims are hereby **DISMISSED WITHOUT PREJUDICE**.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

      **SO ORDERED AND ADJUDGED** this the 14th day of November, 2011.

                                s/ *Daniel P. Jordan III*    
                                UNITED STATES DISTRICT JUDGE